

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | Case No. 10-CV-01699 HDL |
| Plaintiff, | ) ) | CONSENT DECREE |
| | ) | |
| UNITED AIRLINES, INC., | ) ) | |
| Defendant. | ) ) | |

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") brought this lawsuit under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Parties and similarly-situated disabled employees of United Airlines, Inc. who were adversely affected by such practices.

The EEOC alleged that United Airlines, Inc. ("UAL") unlawfully denied the Charging Parties Joel Boswell, Margaret Bucaro, Patricia Hernandez, Mary Price, Rosemary Verga, and similarly situated disabled employees of UAL, the reasonable accommodation of reassignment to a vacant position for which they were qualified, and that they needed in order to accommodate their respective disabilities. UAL denies liability on all claims alleged by the EEOC.

In the interest of resolving this matter the EEOC and UAL, (hereinafter referred to as "the

1

Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree and without further contested litigation.

The court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

## I. GENERAL PROVISIONS

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of UAL's obligations as set forth herein.

This Consent Decree comprises the full and final resolution of all claims arising out of EEOC Charges filed by Joel Boswell (EEOC Charge #370-2005-02453C), Margaret Bucaro (EEOC Charge #210-2005-09744C), Patricia Hernandez (EEOC Charge #550-2006-00439C), Mary Price (EEOC Charge #210-2004-04337C) and Rosemary Verga (EEOC Charge #550-2006-00397C) and all ADA claims pled in the First Amended Complaint (Docket No. 6) and constitutes a complete resolution of all claims of discrimination under the ADA that were made or could have been made by the EEOC in the Complaint. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than those referenced in this paragraph.

No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

2

This Consent Decree shall not constitute adjudication and/or a finding on the merits of this lawsuit.

This Consent Decree is final and binding. The Parties will each bear their own costs and attorney's fees in this action.

## II.      GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

UAL and its officers, agents, employees, and successors and assigns at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from engaging in any of the following conduct: (a) unlawfully  failing to provide reasonable accommodation to a qualified individual with a disability; or (b) retaliating against any person because he or she: (i) made a request for a reasonable accommodation; (ii) opposes or opposed discriminatory practices made unlawful by the ADA; (iii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iv) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

## III.     SPECIFIC INJUNCTIVE RELIEF

### A.      POLICIES

Within one-hundred twenty (120) days of entry of this Consent Decree, UAL shall revise its policies or, if necessary, adopt new policies with regard to reassignment as a reasonable accommodation for disabled employees. UAL shall provide a copy of its revised policy to the EEOC. The EEOC shall notify UAL within fifteen (15) days of receipt of the revised policies if it has any concerns about the proposed revisions. UAL's policies are to provide a non-competitive procedure by which disabled employees who are unable to work in their current

3

position due to a disability are considered for reassignment to a vacant position as a reasonable accommodation if feasible. The policies will include the following:

1. Written Notice - When an employee is unable to continuing working in his/her current position due to a medical condition and/or is placed on Extended Illness Status (EIS), UAL shall provide timely written notice to the employee regarding the availability of reassignment as a possible reasonable accommodation. This notice will provide information regarding the company's Reasonable Accommodation process concerning reassignment and will include the contact information, including phone numbers and email addresses in order to contact the appropriate Human Resources personnel who can answer any questions related to the accommodation process.

2. Employee Assessment – UAL shall meet with each disabled employee seeking reassignment as an accommodation ("reassignment candidate") to conduct an interactive dialogue regarding the employee's knowledge, skills and abilities at that time, to determine the employee's preferences regarding issues such as job location, acceptance of lower-grade classifications, shift changes and other placement related issues. As part of that discussion, UAL will discuss with the employee and identify the full range of alternative positions the employee may be minimally qualified to perform consistent with their restrictions. UAL will then counsel the employee as to how to monitor and apply for job openings on its online job posting/application system, including using the job alert function to assist in this process.

3. Non-Competitive Reassignment – Reassignment candidates who are deemed minimally qualified for an available lateral or lower level vacant position ("available vacant position"), for which they have applied, will be reassigned to the position. An available

4

vacant position will not include a position that is filled through the applicable collective bargaining agreement, a promotion, or by another reassignment candidate.

4. Explanation of Rejection – If the reassignment candidate is not placed in the applied for available vacant position, UAL will provide the individual with an explanation of the reason for the non-placement into the position and inform the individual that they should continue to utilize UAL's online job posting/application.

5. UAL shall disseminate the reassignment policies to all current employees with supervisory and or human resources responsibilities in a manner consistent with its current practices and shall make the policies available on the company's intranet site.

**B.    TRAINING**

Within  one hundred twenty (120) days following the implementation of its revised reassignment policy, all human resources employees of UAL with reasonable accommodation responsibilities will receive training regarding reassignment as a reasonable accommodation. The training shall include specific instruction as to UAL's procedures and policies governing reassignment as a reasonable accommodation and will include example scenarios. The training shall be conducted by a person with established experience regarding the ADA and reassignment as a reasonable accommodation. The duration of the training shall be no less than one hour.

Thereafter, and continuing during the duration of this Consent Decree, UAL shall incorporate training regarding ADA reassignment issues in its regular training modules for employees with supervisory and/or HR responsibilities during its biannual training of supervisors. The training should be administered by UAL personnel knowledgeable regarding the ADA and reassignment as a reasonable accommodation. The training will summarize UAL's procedures and policies regarding reasonable accommodation obligations under the ADA .

5

The copies of the materials to be used for the foregoing HR ADA training shall be provided to the EEOC within sixty (60) days of completion of the respective training. In addition, UAL shall provide certification to the EEOC when all employees with human resources responsibilities have completed such training .

All costs of training shall be borne by UAL.

## C.    POSTING

The Notice of the Consent Decree, attached hereto as Exhibit A, shall be posted within thirty (30) days of entry of this Decree on UAL bulletin boards where other required postings currently exist at all of UAL's hub locations and such postings shall remain for the duration of the Decree. Thereafter, UAL will include the posting in its annual posting audit for all its locations. When brought to its attention, if a Notice becomes defaced, marred, or otherwise altered, UAL will arrange for a new readable copy of the Notice to be posted. In addition, the company shall electronically post Exhibit A on the company intranet. Within sixty (60) days of entry of this Decree, UAL will send the EEOC a certification that the Notice has been posted in accordance with this paragraph.

## D.    REPORTING

UAL shall make the following reports relating to reassignment candidate placements -- once at 15 months and once at 28 months -- following the date on which this Consent Decree is approved and entered by the Court:

1.    UAL shall prepare a report that identifies every employee who has a physical or mental impairment and who is unable to continue working in his/her regular position and who has applied for and is not selected for a vacant available position as part of the reassignment reasonable accommodation process described in section III, above. The

6

report will contain the following information:

a. Name of individual

b. Home Address, phone numbers and home email address of individual, if available,

c. Title of applied for available vacant position

d. Explanation as to why the individual was not placed in the applied for available vacant position.

### E. MONETARY RELIEF

In settlement of the EEOC's claims in this lawsuit, UAL shall pay relief to claimants in the total gross amount of $1,040,000.00 hereinafter "Settlement Sum." The identity of the claimants shall be determined solely by the EEOC. The EEOC will inform UAL how the Settlement Sum shall be apportioned among the claimants no later than ninety (90) days after entry of this Consent Decree. The EEOC will also provide the addresses to which the settlement checks shall be sent and executed individual releases from each claimant for whom settlement checks are requested.

As a condition of any payments to the claimants, EEOC will provide to UAL the claimant information referred to in the paragraph above, the executed individual releases as well as current completed IRS Forms W-4 and W-9 for all claimants at least 30 days prior to the issuance of any settlement check. The payments shall be issued on checks drafted in each of the claimant's names. UAL will mail the checks directly to the claimants at the addresses provided by the EEOC. All settlement payments will be subject to legal withholding as applicable. UAL will issue Forms W-2 and 1099 at the appropriate time. Each of the claimants designated by the EEOC to receive any portion of this settlement sum, shall be required to sign a full release and

waiver of the ADA claims that were or could have been brought in this case, a copy of which is attached hereto.

UAL will mail the photocopies of the checks and related correspondence to the EEOC's counsel of record, Linda Ordonio-Dixon, at 450 Golden Gate Ave., 5th Floor West, P.O. Box 36025, San Francisco, CA 94102-3661 simultaneously with the mailing of the checks.

Neither the EEOC nor UAL make any representations, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that the claimants may or may not incur on such payments under local, state or federal law.

## IV. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

This Consent Decree shall terminate 30 months from the date of entry by the Court, unless the EEOC petitions this Court for an extension of the Decree because of non-compliance by UAL. If the EEOC determines that UAL has not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the Court and the Court finds UAL to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

Except for the Court's retention of jurisdiction solely to enforce this Consent Decree as provided in the preceding paragraph, one year after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, effective with Court's approval of this Consent Decree, and the parties will execute a stipulated dismissal with prejudice to that effect. UAL will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that UAL has failed to comply with any of the terms of this Decree. This Consent

8

Decree will automatically expire without further Court Order.

IT IS SO ORDERED:

Dated: 6/8/2015

_____

United States District Court Judge
**HARRY D. LEINENWEBER**

9

## NOTICE TO ALL EMPLOYEES

This notice is being posted pursuant to a Consent Decree issued by the Federal Court in a lawsuit brought against United Airlines by the Equal Employment Opportunity Commission. [Civil Action **10-CV-01699 HDL**, United States District Court of Illinois - Chicago.]

The EEOC alleged that United Airlines, Inc. ("UAL") unlawfully denied disabled employees of UAL the reasonable accommodation of reassignment to a vacant position for which they were qualified, and that they needed in order to accommodate their respective disabilities. UAL denied liability on all claims alleged by the EEOC.

Under the Consent Decree, United Airlines is prohibited from discriminating against any disabled employee who may need job reassignment to a vacant position for which they are qualified in order to accommodate their disability.

Should you have any questions or complaints of discrimination, you can follow the complaint procedures established by the company, or you can contact the Equal Employment Opportunity Commission (EEOC). The EEOC is the federal agency that enforces federal anti-discrimination in employment laws such as the Americans with Disabilities Act, which prohibits disability discrimination. The EEOC charges no fees for its services, and has employees that speak languages other than English, including Spanish.

For information about the EEOC, including the location nearest to you contact:

Website:  www.eeoc.gov
Phone number:  (800) 669-4000
Fax (415) 625-5609
TDD: (515) 625-5610
Email: info@ask.eeoc.gov

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT MUST NOT BE DEFACED OR OBSCURED.**